UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SA RA R. ALI-BEY,

      Plaintiffs,

                                      Civil Action No. 25-12059

v.                                 HON. JONATHAN J.C. GREY

CHRISTINA VAN HOOSE et al.,

      Defendants.
_____/

**ORDER GRANTING APPLICATION TO
PROCEED WITHOUT PREPAYING FEES (ECF No. 2)
and SUMMARILY DISMISSING AND CLOSING ACTION**

Before the Court is an application to proceed without prepaying fees or costs filed by Plaintiff Sa Ra R. Ali-Bey. (ECF No. 2.) A review of the application supports plaintiff's claim of pauper status, and the Court **GRANTS** in forma pauperis status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court **DISMISSES** the action as frivolous and for failure to state a claim upon which relief may be granted.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim

1

upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth*, the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding in forma pauperis:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)); *Smith v. Bernanke*, 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008).

Federal courts hold a pro se complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). Pro se litigants are not, however, excused from failing to follow basic

2

procedural requirements. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Ali-Bey's complaint challenges judicial proceedings involving child support and related issues. (ECF No. 1.) At the time Ali-Bey filed the complaint on May 12, 2025 in the Northern District of Ohio, the judicial proceedings involving child support and related issues were being litigated in the State of Michigan, 22nd Judicial Circuit Court (Washtenaw County). (ECF No. 1-2; https://tcweb.ewashtenaw.org/PublicAccess/default.aspx (No. 24-000369-DS).) Since then, (1) on June 17, 2025, the 22nd Judicial Circuit Court issued a final judgment in Case No. 24-000369-DS; and (2) on July 9, 2025, the instant case was transferred from the Northern District of Ohio to this Court. (*See* ECF No. 3.) Having reviewed the complaint, the Court finds that the issues raised in this case were, or could have been raised, in the 22nd Judicial Circuit Court case.

It is well-established that, pursuant to the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to review or reverse orders issued in state court proceedings. *Raymond v. Moyer*, 501 F.3d 548, 550–551 (6th Cir. 2007) (quoting *Lance v. Dennis*, 26 S.Ct. 1198, 1199 (2006)

(quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (the lower federal courts do not have jurisdiction "over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced'" under what has come to be known as "the *Rooker–Feldman* doctrine."); *see also Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment").

Similarly, the *Younger* abstention doctrine generally operates to prevent federal courts from interfering with the functions of state courts. The Court notes that *Younger* initially operated to prevent federal courts from interfering with criminal prosecutions in order to preserve equity and comity, *Younger v. Harris*, 401 U.S. 37, 44 (1971) ("This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National

Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.").

However, *Younger* also pertains to ongoing "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions[.]" *Doe v. University of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) (citations omitted)). Child custody matters are uniquely state court functions. *See, e.g., Alexander v. Morgan*, 353 F.Supp.3d 622, 628–629 (W.D. Ky. Nov. 5, 2018) (citations omitted).

Therefore, to the extent that Ali-Bey is challenging any determinations made in the 22nd Judicial Circuit Court, which his complaint seems to do, the Court would have to review and reverse the state court decisions. Therefore, whether the Court evaluates this lawsuit in the time-frame of when it was filed or presently, the Court finds that the exercise of federal jurisdiction in this case would offend the *Rooker-Feldman* and *Younger* abstention doctrines, as well as the abstention doctrines of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

Accordingly, Ali-Bey's allegations fail to state a claim upon which relief could be granted in this Court.

For the reasons set forth above, **IT IS ORDERED** that Ali-Bey's application to proceed without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED WITHOUT PREJUDICE** and shall be designated as **CLOSED** on the docket.

**IT IS FURTHER ORDERED** that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-611.

**SO ORDERED**.

Date: October 6, 2025

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge